**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF ERMA V. JORGENSEN, Deceased; JERRY LOU DAVIS, Executrix and Co-Trustee; GERALD R. JORGENSEN, Co-Trustee, <br><br> Petitioners, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent. | No. 09-73250 <br><br> Tax Ct. No. 21936-06 <br><br> MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Harry A. Haines, Tax Court Judge, Presiding

Argued and Submitted April 13, 2011
Pasadena, California

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

The Estate of Erma V. Jorgensen (the "Estate") appeals the tax court's

affirmance of the Commissioner of the Internal Revenue's ("Commissioner")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

assessment of an estate tax deficiency. Concluding that certain transfers decedent had made to two family limited partnerships should remain included in the estate valuation, the tax court found that decedent had retained the economic benefits and control of such property and that the transfers did not involve a bona fide sale for full consideration. *See* 26 U.S.C. § 2036(a). We review these determinations for clear error, *Estate of Bigelow v. Comm'r*, 503 F.3d 955, 964, 970 n.6 (9th Cir. 2007), and affirm.

On appeal, the Estate does not contest the tax court's determination that § 2036(a) applies; that is, it acknowledges decedent retained *some* benefits in the transferred property (because she had written checks on partnership accounts to pay some personal expenses and make some family gifts), but argues that these amounts should be considered *de minimis* or that the application of the section should be limited to the *actual* amount accessed by decedent. These arguments are made for the first time to this court and run contrary to stipulations made by the Estate below.

In any event, these arguments are also without merit. We do not find it *de minimis* that decedent personally wrote over $90,000 in checks on the accounts post-

2

transfer,[1] and the partnerships paid over $200,000 of her personal estate taxes from partnership funds. *See Strangi v. Comm'r*, 417 F.3d 468, 477 (5th Cir. 2005) (post-death payment of funeral expenses and debts from partnership funds indicative of implicit agreement that transferor would retain enjoyment of property); *see also Bigelow*, 503 F.3d at 966 (noting payment of funeral expenses by partnership as supporting reasonable inference decedent had implied agreement she could access funds as needed).

Nor did the tax court clearly err by concluding there was an implied agreement decedent could have accessed *any* amount of the purportedly transferred assets to the extent she desired them. The actual amount of checks written for decedent's benefit does not undermine the court's finding that she *could have* accessed more, it was only

---

[1] We acknowledge that decedent attempted to repay some of these funds upon discovery of the errors by an accountant, although it appears they were repaid to the wrong partnership. However, it was the failure to observe partnership formalities and the fact she had access to the accounts (including her name on the checks for JMA II) despite being only a limited partner that the tax court found significant in determining there was an implicit retention of economic benefits. *See Bigelow*, 503 F.3d at 966 ("The Tax Court's finding that partnership formalities were not observed buttresses the conclusion that there was an implied agreement."); *Estate of Reichardt v. Comm'r*, 114 T.C. 144, 155 (2000) ("[Y]earend and . . . post-mortem adjusting entries made by [a CPA] were a belated attempt to undo decedent's commingling of partnership and personal accounts.").

used to buttress the court's conclusion that decedent had such access to the funds if needed.[2]

Nor did the tax court clearly err by concluding decedent's transfer was not a bona fide sale for adequate and full consideration. Although not *per se* inadequate, transfers to family partnerships such as this are subject to heightened scrutiny, and, to be bona fide, must objectively demonstrate a legitimate and significant nontax reason for the transfers. *Bigelow*, 503 F.3d at 969. Here, the type of assets transferred (marketable securities) did not require significant or active management, there was some disregard of partnership formalities, and the nontax justifications are either weak or refuted by the record (including formation of a second family partnership to hold higher-basis assets for gift-giving purposes, purportedly for the same nontax justifications that the original partnership could have already served). *See, e.g.*, *Bigelow*, 503 F.3d at 970-72; *Strangi*, 417 F.3d at 480-82. Thus, as the tax court found, the overriding objective purpose appeared to be a mere "recycling of value" into the partnership vehicle to permit discounted gift-giving and/or reduce the ultimate estate tax owed (by reducing the stated value of the securities due to a lack of control

---

[2] The Second Circuit's opinion in *Stewart v. Comm'r*, 617 F.3d 148 (2d Cir. 2010), as a real estate possession case, is factually inapposite.

and marketability). *See Estate of Thompson v. Comm'r*, 382 F.3d 367, 378-81 (3d Cir. 2004).

Finally, there was no error in not applying the burden-shifting provision of 26 U.S.C. § 7491. When, as here, the tax court decides the case based on the preponderance of the evidence and without regard to presumptions of correctness, § 7491's burden-shifting is simply not relevant. *See Whitehouse Hotel Ltd. P'ship v. Comm'r*, 615 F.3d 321, 332-33 (5th Cir. 2010); *Blodgett v. Comm'r*, 394 F.3d 1030, 1039 (8th Cir. 2005).

**AFFIRMED**.